Filed 7/30/24  P. v. Rios CA5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ABEL JOSE RIOS,<br><br>Defendant and Appellant. | F080424<br><br>(Super. Ct. No. BF172063A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Peña, J. and Meehan, J.

# INTRODUCTION

Defendant Abel Jose Rios stands convicted by jury of five counts of sex offenses against two children under the age of 10 years. Relevant to this appeal, defendant was charged under Penal Code section 288, subdivision (a)[1] on counts 3 and 5 for lewd or lascivious acts against a child under the age of 14 years. These counts also contained special allegations that the underlying crime was a qualifying offense under section 667.61, subdivision (c) of the "One Strike" law (§ 667.61 et seq.), and alleged defendant had committed the qualifying offenses against more than one victim within the meaning of section 667.61, subdivision (e)(4).[2]

The jury convicted defendant on counts 3 and 5, and found true the additional One Strike allegations. At sentencing, the trial court imposed terms of 25 years to life on both counts pursuant to section 667.61(j)(2), a punishment provision under the One Strike law. Section 667.61(j)(2) applies when the qualifying offense under section 667.61(c) is committed against more than one victim within the meaning of section 667.61(e)(4), and the victim is under the age of 14 years. Defendant was sentenced to an aggregate term of 105 years to life.[3]

On appeal, defendant argued he did not have sufficient notice the harsher indeterminate term under section 667.61(j)(2) would apply to him on counts 3 and 5 because that specific subdivision was not pleaded among the One Strike allegations.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Section 288, subdivision (a), section 667.61, subdivision (a), section 667.61, subdivision (b), section 667.61, subdivision (c), section 667.61, subdivision (d), section 667.61, subdivision (e) and (e)(4), section 667.61, subdivision (j), section 667.61, subdivision (j)(1) and (j)(2), section 1170.1, subdivision (e) and section 12022.5, subdivision (a), are referred to in this opinion as section 288(a), section 667.61(a), section 667.61(b), section 667.61(c), section 67.61(d), section 667.61(e), section 667.61(e)(4), section 667.61(j), section 667.61(j)(1), section 667.61(j)(2), section 1170.1(e) and section 12022.5(a).

[3] The trial court imposed three consecutive terms of 25 years to life (§ 288.7, subd. (a), count 1; § 667.61(j)(2), counts 3 and 5) and two consecutive terms of 15 years to life for counts 2 and 4 (§ 288.7, subd. (b)).

Defendant maintains the imposition of indeterminate terms under section 667.61(j)(2) violates his federal constitutional due process right to fair notice and violates section 1170.1(e). We found these arguments unpersuasive and affirmed the judgment.

Defendant petitioned the California Supreme Court for review, which was granted on June 1, 2022. On May 15, 2024, our high court transferred the case back to this court with directions to vacate our decision and reconsider the cause in light of *In re Vaquera* (2024) 15 Cal.5th 706 (*Vaquera*). We provided the parties with an opportunity to file supplemental briefs, and both parties have done so. In his supplemental brief, defendant argues the sentences of 25 years to life imposed on counts 3 and 5 must be stricken, and he must be resentenced to terms of 15 years to life on these two counts. In light of *Vaquera*, the People concede that defendant's right to fair notice was violated, but contend any error was harmless.

Having now reconsidered the matter under *Vaquera*, we conclude defendant's due process right to fair notice was prejudicially violated because defendant did not have timely notice the prosecution was seeking the greater One Strike sentence under section 667.61(j)(2) with respect to counts 3 and 5. The sentences of 25 years to life imposed on counts 3 and 5 are to be stricken and terms of 15 years to life are to be imposed instead.

**DISCUSSION**

## I. Background[4]

In April 2018, defendant was charged with two counts of oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); count 2, Jane Doe; count 4, John Doe); one count of sexual intercourse or sodomy of a child who is 10 years of age or younger (§ 288.7, subd. (a); count 1, Jane Doe); and two counts of lewd or

---

[4] We forego a detailed summary of the trial evidence as it is not relevant to the issues raised on appeal.

3.

lascivious acts against a child who is under the age of 14 years (§ 288(a); count 3, Jane Doe; count 5, John Doe).

As to counts 3 and 5 for lewd or lascivious acts under section 288(a), the information included special allegations under the One Strike law: "It is further alleged that in the commission of the crime, Abel Jose Rios, the defendant has been convicted in the present case or cases of committing an offense specified in section 667.61(c) of the Penal Code against more than one victim, within the meaning of Penal Code section 667.61(e)(4)." (Full capitalization omitted.)

At trial in 2019, the evidence showed that between January 2016 and April 2018,[5] defendant committed sexual offenses against Jane Doe (who was eight years old when she testified at trial in 2019), and John Doe (who was six years old when he testified in 2019). The acts against Jane Doe included defendant sexually penetrating her with his penis, and inducing her into oral copulation. The acts against John Doe included defendant inducing him into acts of oral copulation. The jury convicted defendant on all five counts, and found true the additional One Strike multiple-victim allegations under counts 3 and 5.

The trial court imposed terms of 25 years to life on counts 3 and 5 pursuant to section 667.61(j)(2), which provides, "[a] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."

## II.    Analysis

The parties dispute whether the information provided constitutionally adequate notice of the 25-year-to-life sentence imposed under section 667.61(j)(2) on counts 3 and

---

[5]    The information was amended to allege the offenses occurred from January 1, 2016, to April 26, 2018.

4.

5 because the information's One Strike allegations failed to reference that section or otherwise indicate that sentence was being sought based on the victim's age.

### A. The One Strike Law

The One Strike law under section 667.61 sets forth an alternative and harsher sentencing scheme for certain enumerated sex crimes committed under specified aggravating circumstances—including, for example, how the crime was committed, the age and number of victims, and whether defendant had suffered prior sex-offense convictions. (*People v. Mancebo* (2002) 27 Cal.4th 735, 741 (*Mancebo*).) "The law applies when the prosecution pleads and proves specific factual circumstances in addition to the elements of the underlying sex offense." (*Vaquera, supra*, 15 Cal.5th at p. 713.) When it is triggered by specifically pleaded and proven aggravating circumstances, "the jury decides first whether the prosecution has proved the elements of the charged offense; if the jury convicts, it then independently considers whether the prosecution has proved the circumstances alleged to support sentencing under the One Strike law." (*Ibid.*, citing *People v. Anderson* (2009) 47 Cal.4th 92, 102.) If the prosecution has not pled and proved a One Strike allegation, the usual determinate sentence for the sex crime applies. If a jury has found true a One Strike allegation, however, the offense is generally punished by an indeterminate sentence of either 15 or 25 years to life. (*Vaquera, supra*, at p. 713, citing § 667.61, subds. (a)–(e).)

Relevant here, under section 667.61(b), the sentence is 15 years to life if the jury has found the crime was committed under one of the circumstances listed in section 667.61(e), among which is the multiple-victim circumstance alleged in the information. (*Id.,* subds. (b), (e)(4).) "This general scheme is subject to exceptions added by the Chelsea King Child Predator Prevention Act of 2010 (Stats. 2010, ch. 219, § 16) (Chelsea's Law)," which provided for increased punishments of 25 years to life or life without the possibility of parole when the prosecution has pled and proved a One Strike circumstance involving a minor victim. (*Vaquera, supra*, 15 Cal.5th at p. 713; see

§ 667.61, subds. (j), (*l*), (m).)  Section 667.61(j)(2), under which defendant was sentenced, provides for a term of 25 years to life for "[a] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age …."

## B.     Due Process Right to Fair Notice Violation

To be subjected to any of the harsher penalties under the One Strike law, due process mandates a defendant be provided fair notice.  (*Vaquera, supra*, 15 Cal.5th at pp. 717, 719–720.)  """No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." [Citations.]  "A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial."'  [Citation.]  This goes for sentence enhancements as well as substantive offenses:  A defendant has the 'right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.'  (*Mancebo, supra*, 27 Cal.4th at p. 747.)"  (*People v. Anderson* (2020) 9 Cal.5th 946, 953 (*Anderson*).)  "To satisfy due process, it is sufficient for an accusatory pleading to provide the defendant fair notice of the particular One Strike sentence the prosecution is seeking and of which facts it intends to prove to support that sentence."  (*Vaquera, supra*, at p. 720, citing *Mancebo, supra*, at pp. 753–754.)

Here, the charging document's One Strike allegations identified counts 3 and 5 (for lewd or lascivious acts against a child under the age of 14 years; § 288(a)) as qualifying under section 667.61(c) and pleaded the multiple-victim circumstance under section 667.61(e)(4), that triggered application of the One Strike law.  These One Strike allegations did not reference or cite section 667.61(j)(2), nor did they otherwise make

clear the prosecutor was seeking a longer sentence based on the victim's age under section 667.61(j)(2).

In *Vaquera*, the Supreme Court concluded the prosecution's failure to provide fair notice of the specific One Strike sentence the prosecution is seeking and of which facts it intends to prove to support that sentence constitutes a due process fair notice violation. (*Vaquera, supra*, 15 Cal.5th at pp. 724–725.) There, the information's One Strike allegations referred to subdivisions (b) and (e)(4) of section 667.61, which "suggest[ed] the prosecution was seeking a sentence of 15 years to life based on the multiple victim circumstance." (*Vaquera, supra*, at p. 721.) However, given the underlying charge (§ 288), which involved a victim under the age of 14 years, the high court explained the prosecution had the choice of "(1) not including a One Strike allegation in the information and seeking a determinate sentence of three, six, or eight years (§ 288, subd. (a)); (2) seeking 15 years to life based on the multiple victim circumstance alone (§ 667.61, subds. (b) & (e)(4)); or (3) seeking 25 years to life based on the additional circumstance that the victim of count 2 was under the age of 14 (*id.,* subd. (j)(2))." (*Vaquera, supra*, at p. 721.) The information was tailored to changes in the One Strike statute under Chelsea's Law, which suggested the prosecutor was aware of section 667.61(j)(2)—a section added by Chelsea's Law—but, by omitting One Strike allegations related to section 667.61(j)(2), had elected to seek sentencing under section 667.61(b) instead. Read as a whole, "the pleading failed to inform Vaquera of the prosecutor's election to seek the more stringent sentence and did not provide fair notice of his sentencing exposure." (*Vaquera, supra*, at p. 723, fn. omitted.)

The information in this case suffers the same type of deficiencies the Supreme Court found in *Vaquera*. The One Strike allegations referenced only the aggravating circumstance under section 661.67(e)(4) and "did not specify that the prosecution was seeking 25 years to life on [any] count, cite to subdivision (j)(2), or otherwise make clear that the prosecution was seeking a longer sentence based on the victim's age." (*Vaquera,*

7.

*supra*, 15 Cal.5th at p. 725.)  Because the One Strike allegation did not inform defendant of the prosecutor's intent to invoke the One Strike law circumstance under which the trial court sentenced him (§ 667.61(j)(2)), the allegation failed to provide him fair notice.[6]

## C.  Prejudice

Turning to the question of prejudice, the high court declined to decide whether a due process violation is subject to a prejudicial error analysis.  (*Vaquera, supra*, 15 Cal.5th at p. 726.)  Assuming it was, however, the court determined the Attorney General had not demonstrated the prosecutor's failure to provide fair notice was harmless.  The high court pointed to its decision in *Anderson, supra*, 9 Cal.5th at page 964, where it had held "the defendant was entitled to resentencing where the prosecution's intent to seek the sentencing enhancements at issue only became clear on the day of sentencing—'too late to cure the defective pleading.'"  (*Vaquera, supra*, at p. 726.)  In *Anderson*, the court had "reasoned that the purpose of a statutory pleading requirement is 'to give sufficient notice to permit the defense to make informed decisions about the case, including whether to plead guilty, how to allocate investigatory resources, and what strategy to deploy at trial.'"  (*Vaquera, supra*, at p. 726, quoting *Anderson, supra*, at p. 964.)  As the defendant had not received notice of the potential sentence he faced in time for him to take his sentencing exposure into account in making these decisions, the high court "concluded the pleading error was not harmless and he was entitled to resentencing."  (*Vaquera, supra*, at p. 726, citing *Anderson, supra*, at p. 964.)  Similar to *Anderson*, the court observed, nothing in the record suggested Vaquera "learned of his sentencing

---

[6]    In their initial appellate brief, the People contend defendant forfeited his fair notice claim by failing to make a due process objection before the trial court.  We reached the merits in our first opinion and, subsequently, after granting review in this case, our Supreme Court has resolved a split of authority in the Courts of Appeal on this due process issue and remanded for reconsideration in light of *Vaquera*.  Given these circumstances, we decline to apply the forfeiture doctrine.  (See *In re Sheena K.* (2007) 40 Cal.4th 875, 887–888, fn. 7 [courts should "'excuse forfeiture … rarely and only in cases presenting an important legal issue.'"].)

exposure on count 2 in time for him to take it into account in fashioning his defense strategy." (*Vaquera, supra*, at p. 726.)

Our high court explained that *Vaquera* "would be a different case if the prosecution had provided Vaquera timely actual notice that it was seeking a 25-year-to-life sentence on count 2 and the factual basis on which it was seeking that sentence, despite its failure to provide such notice in the information." (*Vaquera, supra*, 15 Cal.5th at p. 727.) The court reasoned the Attorney General had not attempted to demonstrate that Vaquera received such notice by "any means other than the information." (*Id.* at p. 728.) There was no assertion Vaquera had actual notice at a time when he could have taken the prosecution's election to seek the higher penalty into account in formulating his defense strategy, nor was there evidence that would support a finding Vaquera had timely actual notice. (*Ibid.*)

Assuming harmless error applies in this context, and in light of our Supreme Court's consideration of prejudicial error in *Vaquera* and its emphasis on timely actual notice, we are similarly without evidence indicating defendant received timely notice of the prosecutor's election to seek punishment under section 667.61(j)(2) such that defendant could have taken it into consideration in fashioning his defense strategy.

In their supplemental brief, the People point out the victims' ages (under 14 years) were pleaded and placed directly at issue by the substantive underlying charges (§ 288), thus notice of a One Strike allegation under section 667.61(j)(2) would not have affected any strategy decisions in that regard; there was also no evidence defendant was offered and refused a plea bargain that confusion over his maximum sentencing exposure might have influenced. Nevertheless, timely notice of the increased sentencing exposure may have led defendant to make other tactical and strategic decisions, including whether to testify at trial. Without any showing of timely actual notice of the prosecutor's election to seek the greater sentencing penalty under section 667.61(j)(2), we are unable to

conclude the notice deficiency in the information was harmless.  (*Vaquera, supra*, 15 Cal.5th at pp. 772–728.)[7]

We remand and direct the trial court to strike the sentences of 25 years to life on counts 3 and 5 imposed under section 667.61(j)(2), and impose instead sentences of 15 years to life under section 667.61(b) on those counts.

## DISPOSITION

The case is remanded to the trial court for proceedings consistent with this opinion.  An amended abstract shall be prepared and forwarded to the appropriate authorities.  The judgment is otherwise affirmed.

---

[7]    In light of our conclusion as to defendant's due process claim, defendant's assertion the sentences imposed under section 667.61(j)(2) violated section 1170.1, subdivision (e), is moot.